LUFKIN LAND AND LUMBER COMPANY v. J. J. TERRELL, COMMISSIONER.

No. 1635.   Decided March 13, 1907.

School Land—Sale of Timber—Purchase—Corporation.

The right of one who has bought the timber on public land to purchase the land itself within five years thereafter is subject to the terms and conditions applying to the sale of other agricultural or grazing lands (Act of April 19, 1901, sec. 8; Laws 1901, p. 296); and such conditions provide for sale only to actual settlers, present or prospective (Rev. Stats., arts. 4218, 4218y); it was never intended that land subject to such classification should be sold to a corporation.   (Pp. 406, 407.)

Motion by the Lufkin Land and Lumber Company for leave to file in the Supreme Court a petition for mandamus against the Commissioner of the General Land Office.

*E. J. Mantooth,* for relator.

GAINES, CHIEF JUSTICE.—This is a motion to file a petition for a mandamus against the Commissioner of the General Land Office. The petition which accompanies the motion alleges, in substance, that the proposed relator is a Missouri corporation which has acquired the right to do business as such in the State of Texas; that it was organized for the purpose of buying timber and timbered lands and manufacturing timber into lumber and that it has power under its charter to conduct such business; that on the 25th day of June, 1902, one Frost bought the timber upon two sections of school land described in the pleadings; and that the proposed relator is now the owner of the right so acquired. It is also alleged in substance that the corporation made application to the Commissioner of the General Land Office to purchase the sections, and, among other things, made the affidavit acquired as a general rule, of such purchasers, except that the affidavit did not state that it desired "to purchase the land and had in good faith settled thereon." It is further alleged that the application was rejected by the Commissioner, and the prayer is, that a writ of mandamus be issued to compel him to accept the same and to award the land to the petitioner.

We are of the opinion, that the petition shows upon its face that the petitioner acquired no right by his application. The provisions of the law applicable to this matter are found in section 8 of the Act, approved April 19, 1901, which reads as follows: "The Commissioner of the General Land Office shall adopt such regulations for the sale of timber on the timbered lands as may be deemed necessary and judicious. Such timber shall not be sold for less than five dollars per acre cash, except in such cases as the Commissioner may ascertain by definite examination by an approved agent appointed by him for that purpose, to be paid by the purchaser, to be sparsely timbered or containing timber of but little value, in which case he may sell the timber on such sections or part of sections at its proper value, provided such timber is sold at not less than two dollars per acre. The purchaser shall have five years from the date of his purchase within which to

remove the timber therefrom, and in case of failure to do so, such timber shall thereby be forfeited to the State without judicial ascertainment; provided, that all timbered lands from which the timber has been cut and taken off may be placed on the market and sold as agricultural or grazing lands, according to classifications to be made by the Land Commissioner; provided, that upon application of the purchaser or his vendees of any such timber made within five years from the purchase of such timber the Commissioner of the General Land Office shall have said land classified at the expense of the owner of said timber as agricultural or grazing land, and the owner of said timber shall have the right to purchase said land at the valuation fixed by said Commissioner on the same terms and conditions as other lands of like classification are sold under the provisions of this chapter." (Laws 1901, p. 296.) What are "the terms and conditions" under which "other lands of like classification" are to be sold under the provisions of the law? Ever since the Act of 1895, at least, the steady policy of the Legislature has been to sell the public free school and asylum lands to actual settlers. The emphatic declaration of section 5 of that Act is that such lands "shall be subject to sale, but to actual settlers only." (Rev. Stats., art. 4218.) By section 63 of the same Act an exception is made in case of "isolated and detached lands" lying in certain counties; but by the express terms of that section a sale to a corporation is not permitted. (Rev. Stats., art. 4218y.) By section 7 of the Act of April 19, 1901, the exception as to "isolated and detached lands" is eliminated in express terms and such lands are made subject to sale to actual settlers only. One of the conditions of the sale of school lands was then that the applicant should be an actual settler at the time of his application, and a condition under the present is that he must become an actual settler in ninety days after the land is awarded to him; and we are of opinion, that under the statute quoted, this condition applies to the sale of timbered lands. Besides we think it may be said broadly, that it was never intended that any land subject to classification as agricultural or grazing land should ever be sold to a corporation, either directly or indirectly.

We are clearly of the opinion that there is no merit in the case sought to be made by the petition and therefore the motion to file it is overruled.